(No. 81-CC-085▮

PATRICIA SHANNON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 29, 1984.*

EDWARD R. VRDOLYAK (WILLIAM J. McGANN, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (LYNN W. SCHOCK, Assistant Attorney General, of counsel), for Respondent.

Poch, J.

Claimant seeks recovery for property damages arising out of an accident on November 5, 1979.

The incident complained of occurred at about 8:00 a.m. on November 5, 1979, while Claimant was driving her 1968 Chevrolet Malibu northbound on Burnham Avenue in the Village of Lynwood, Illinois. Claimant testified that when she turned on to Burnham Avenue, the road was full of potholes. As she started to hit the potholes, she reduced the speed of her car to between 30 and 40 miles per hour. At the scene of the accident she hit a pothole, which Claimant stated was approximately 1½ to two feet wide and from three to four inches deep, losing control of the car, and after traveling about 10 yards, hit a culvert off the road. The car, for which she paid $500 about six months before the accident, was a total wreck.

Claimant testified that she was familiar with this location, having travelled over the road about 40 times during a period of two or three years prior to the accident and that the road was in poor condition.

Claimant, on cross-examination, testified that she saw the potholes and reduced the speed of the car but could not avoid the potholes. She further stated that oncoming traffic prevented her from going into the southbound lane and that it was too close to the gravel shoulder to straddle. However, from an examination of the photograph it appears that Claimant could have straddled it if she had seen it in time and had reduced her speed.

Respondent introduced in evidence an Illinois Department of Transportation memorandum, dated September 12, 1980, taken 10 months after the accident. Said memorandum noted the Department had no record of a pothole at the location of the accident, nor any knowledge of any previous accidents at the scene of the accident, and that the Department had no record of repairing any potholes at the scene.

The police report taken at the time of accident did not indicate any road defects.

From the record there is no proof that Respondent had actual notice of the pothole, but from the condition of the road it had constructive notice.

It would appear that the failure of the State to maintain Burnham Avenue was a proximate cause of the accident, but Claimant's failure to have her car sufficiently under control so as to straddle the pothole or otherwise avoid it was an equal proximate cause of the accident.

From the evidence before the Court, Claimant, under the doctrine of comparative negligence is entitled to an award. *Alvis v. Ribar* (1981), 85 Ill. 2d 1.

It is therefore ordered that Claimant be, and hereby is, awarded the sum of three hundred ($300.00) dollars.